## STOWE *et al. v.* SAMMONS.

1. Upon the issue whether a deed was made to the grantor's sister to defraud his creditors, the finding of the jury was supported by evidence.
2. In view of an admission by the defendant debtor that a deed by him to his wife was void, an instruction by the court, excepted to as an expression of opinion of what was proved, did not require a new trial.
3. The court did not err in stating the contentions of a party.
4. Amplifications of the general grounds of the motion for new trial need not be separately treated.

No. 6203. DECEMBER 17, 1927.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. July 8, 1927.

*W. L. Nix, Frank T. Grizzard,* and *H. F. Sharp,* for plaintiffs in error.

*T. J. Lewis,* contra.

GILBERT, J. Mrs. Ethel Sammons brought suit against P. W. Stowe et al., to set aside two deeds, one executed by Stowe to his wife, the other by Stowe and his wife to Stowe's sister. The deeds were attacked on the ground that they were made to hinder, delay, and defraud creditors. Both sides introduced evidence tending to establish their respective contentions. On the trial Stowe admitted that he executed a deed to his wife to prevent the property being sold to satisfy creditors, and that on this account said deed was void. He testified that the consideration for the deed from him and his wife to his sister was the assumption of certain notes due by him to others (totaling a sum less than the consideration named in the deed), and that the grantee in this deed paid him no cash. The sister testified she had knowledge, when the deed was executed to her, of the debt due by her brother to Mrs. Sam-

---

Appeal and Error, 4 C. J. p. 1037, n. 83; p. 1038, n. 94.

Fraudulent Conveyances, 27 C. J. p. 833, n. 46; p. 838, n. 90; p. 842, n. 40.

mons, and that "we all knew that if this property was transferred to me it would put me in the clear as to my claim against the estate," the estate referred to being that of her mother to which she asserted certain claims. The jury returned a verdict in favor of the plaintiff. The defendants moved generally and specially for a new trial; the motion was overruled, and the defendants excepted.

1. The question whether the deed to the sister was made to defraud creditors was one of fact for the jury, and the verdict for the plaintiff is supported by evidence.

2. A ground of the motion assigning error upon a portion of the charge of the court, as an expression of opinion of what was proved, does not require a reversal, in view of the admission by Stowe that the deed to his wife was void.

3. The ground of the motion complaining that the court erred in stating the contentions of the defendant is without merit.

4. The remaining special grounds of the motion only amplify the general grounds alleging that the verdict is not supported by evidence.　　　*Judgment affirmed.　All the Justices concur.*